## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## MEMPHIS DIVISION

| | |
|---|---|
| B.E. TECHNOLOGY, L.L.C., | |
| Plaintiff, | |
| v. | Case No. 2:12-cv-02823-JPM-tmp |
| BARNES & NOBLE, INC., | **JURY TRIAL REQUESTED** |
| Defendant. | |

## DEFENDANT BARNES & NOBLE, INC.'S ANSWER TO COMPLAINT, DEFENSES, AND COUNTERCLAIMS

### ANSWER TO COMPLAINT

Barnes & Noble, Inc. ("Barnes & Noble") answers the allegations of the Complaint for Patent Infringement ("Complaint") filed by B.E. Technology, L.L.C. ("B.E. Technology") as follows:

### NATURE OF THE ACTION AND PARTIES

1.      Barnes & Noble admits that B.E. Technology has filed the present action alleging patent infringement under the patent laws of the United States, Title 35 of the United States Code, but denies that it has committed patent infringement, denies the legal sufficiency of B.E. Technology's claims and allegations, and denies that B.E. Technology has any viable claim thereunder.

2.      Barnes & Noble admits that B.E. Technology purports to exist as a limited liability company organized under the laws of the State of Delaware with its principal place of business in Memphis, Tennessee.  Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies them.

02706.35047/5110617.1/ 60305907

3.      Barnes & Noble admits that Barnes & Noble, Inc. is a Delaware corporation with its principal place of business in New York, New York.

**JURISDICTION**

4.      Paragraph 4 states a conclusion of law to which no answer is required.

**VENUE**

5.      Paragraph 5 states a conclusion of law to which no answer is required.  To the extent an answer is required, Barnes & Noble denies that venue is convenient in this district.

**FACTUAL BACKGROUND**

6.      Barnes & Noble admits that U.S. Patent No. 6,771,290 (the "'290 patent") is entitled "Computer Interface Method and Apparatus With Portable Network Organization System and Targeted Advertising," and that Exhibit A to B.E. Technology's Complaint contains what purports to be a copy of the '290 patent.

7.      Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and therefore denies them.

8.      Barnes & Noble admits that Exhibit A to B.E. Technology's Complaint indicates that the patent application that issued as the '290 patent was a U.S. national stage application from a PCT application filed on July 16, 1999, which was a continuation-in-part of application No. 09/118,351, filed on July 17, 1998.  Barnes & Noble admits that the '290 patent bears an issue date of August 3, 2004.  Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8, and therefore denies them.

**COUNT I: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,771,290**

9.      Barnes & Noble realleges and incorporates by reference Paragraphs 1 through 8, inclusive, of its Response as though fully set forth herein.

02706.35047/5110617.1/ 60305907

10.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and therefore denies them.

11.     Barnes & Noble denies that it has infringed, or is infringing, either directly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '290 patent either literally or under the doctrine of equivalents.  Barnes & Noble further denies that the NOOK Simple Touch, NOOK Simple Touch with GlowLight, NOOK Color, or NOOK Tablet infringe the '290 patent.

## JURY DEMAND

B.E. Technology's unnumbered paragraph requesting a trial by jury states a demand for a trial by jury to which no answer is required.

## PRAYER FOR RELIEF

Barnes & Noble denies that B.E. Technology is entitled to the relief requested in Paragraphs (1) – (7) of its Prayer for Relief.

## DEFENSES

Barnes & Noble asserts the following defenses to B.E. Technology's Complaint without assuming any burden of proof that it would not otherwise have.

## FIRST DEFENSE

### (Non-Infringement)

1.     Barnes & Noble has not infringed and does not infringe, either directly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '290 patent either literally or under the doctrine of equivalents.

## SECOND DEFENSE

### (Invalidity)

2.      The claims of the '290 patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112.

## THIRD DEFENSE

### (Prosecution History Estoppel/Judicial Estoppel)

3.      B.E. Technology is estopped from construing the claims in the '290 patent in such a way as to cover Barnes & Noble's activities because of prior statements made in or to this Court or any other court, prior rulings of this or any other court, B.E. Technology's prior conduct, the amendment, cancellation, or abandonment of claims before the United States Patent and Trademark Office, and/or admissions or other statements made to the United States Patent and Trademark Office.

## FOURTH DEFENSE

### (No Injunctive Relief)

4.      B.E. Technology is not entitled to injunctive relief because any alleged injury is not immediate or irreparable, and B.E. Technology has an adequate remedy at law.

## FIFTH DEFENSE

### (35 U.S.C. § 287 and § 288)

5.      B.E. Technology has failed to comply with the provisions of 35 U.S.C. § 287, and any claim for damages for patent infringement is limited to those damages occurring after legally proper notice of alleged infringement.  To the extent that any claim of the '290 patent is held invalid, B.E. Technology is precluded under 35 U.S.C. § 288 from recovering costs relating to this action.

02706.35047/5110617.1/ 60305907

## SIXTH DEFENSE

## (Equity)

6.      B.E. Technology's claims are barred, in whole or in part, by the equitable

doctrines of laches, equitable estoppel, and/or unclean hands.

## SEVENTH DEFENSE
## (Failure to State a Claim)

7.      B.E. Technology has failed to state a claim upon which relief can be granted.

## RESERVATION OF ADDITIONAL DEFENSES

8.      Barnes & Noble's investigation of its defenses is ongoing.  Barnes & Noble

expressly reserves the right to allege and assert any additional defenses, at law or in equity, that

may exist now or may be available in the future based on discovery and further investigation in

this action.

## COUNTERCLAIMS

Barnes & Noble asserts counterclaims against B.E. Technology as follows:

## NATURE AND BASIS OF ACTION

1.      This action is one seeking declaratory judgments of non-infringement and

invalidity.

## JURISDICTION AND VENUE

2.      This action arises under the patent laws of the United States, Title 35, United

States Code § 1, *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

3.      This Court has subject matter jurisdiction pursuant to, without limitation, Title

28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4.      B.E. Technology has submitted to the personal jurisdiction of this Court by

bringing the present action.

5.      Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1367 and 1391 and by virtue of Counterclaim-Defendant B.E. Technology's allegations in the Complaint that venue is proper in this District.  However, the interests and convenience of the parties, the public, and the courts would be better served by transferring this case to the Northern District of California.

## PARTIES

6.      Barnes & Noble, Inc. is a Delaware corporation with its principal place of business at 122 Fifth Avenue, New York, New York 10011.

7.      According to the allegations set forth in Paragraph 2 of B.E. Technology's Complaint, B.E. Technology is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Memphis, Tennessee.

## GENERAL ALLEGATIONS

8.      In its Complaint, B.E. Technology purports to be the owner of all rights and interest in the '290 patent.

9.      In its Complaint, B.E. Technology alleges that Barnes & Noble has infringed the '290 patent.  As set forth in its Answer above, Barnes & Noble denies that it infringes or has infringed any valid and enforceable claims of the '290 patent.

10.     Accordingly, there is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, *et seq*., and that controversy is ripe for adjudication by this Court.

## COUNT I

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,771,290)

11.     Barnes & Noble realleges and incorporates by reference Paragraphs 1 through 10, inclusive, of its Counterclaims as though fully set forth herein.

02706.35047/5110617.1/ 60305907

12.     Barnes & Noble has not infringed and does not infringe, either directly, indirectly, contributorily, or by inducement, any valid and enforceable claims of the '290 patent either literally or under the doctrine of equivalents, willfully, or otherwise.

13.     To resolve the legal and factual questions raised by B.E. Technology, and to afford relief from the uncertainty and controversy arising from B.E. Technology's Complaint, Barnes & Noble is entitled to declaratory judgment that it has not infringed and does not infringe, either directly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '290 patent either literally or under the doctrine of equivalents.

## COUNT II

### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,771,290)

14.     Barnes & Noble realleges and incorporates by reference Paragraphs 1 through 13, inclusive, of its Counterclaims as though fully set forth herein.

15.     The claims of the '290 patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112.

16.     To resolve the legal and factual questions raised by B.E. Technology, and to afford relief from the uncertainty and controversy arising from B.E. Technology's Complaint, Barnes & Noble is entitled to declaratory judgment that the claims of the '290 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Barnes & Noble prays for relief as follows:

A.     For a declaration that Barnes & Noble does not infringe, either directly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '290 patent, either literally or under the doctrine of equivalents, willfully, or otherwise;

B.     For a declaration that the claims of the '290 patent are invalid;

02706.35047/5110617.1/ 60305907

C.      For a declaration that this is an exceptional case, and an award to Barnes & Noble

of its attorneys' fees, pursuant to 35 U.S.C. § 285 and/or other applicable authority;

D.      For an award to Barnes & Noble of all costs; and

E.      For such other relief as this Court deems just and proper.

## JURY DEMAND

Barnes & Noble hereby demands trial by jury on all issues.

Respectfully submitted by:

s/Glen G. Reid, Jr.
Glen G. Reid, Jr. (#8184)
WYATT TARRANT & COMBS LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120-4367
Telephone:      (901) 537-1000
Facsimile:      (901) 537-1010
greid@wyattfirm.com

s/Mark Vorder-Bruegge, Jr.
Mark Vorder-Bruegge, Jr. (#06389)
WYATT TARRANT & COMBS LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120-4367
Telephone:      (901) 537-1000
Facsimile:      (901) 537-1010
mvorder-bruegge@wyattfirm.com

David Eiseman
Brett Watkins
Pamela L. Van Dort
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1299 Pennsylvania Avenue NW, Suite 825
Washington, D.C. 20004
Telephone:      (202) 538-8000
Facsimile:      (202) 538-8100
davideiseman@quinnemanuel.com
brettwatkins@quinnemanuel.com
pamelavandort@quinnemanuel.com

Attorneys for Defendant Barnes & Noble, Inc.

02706.35047/5110617.1/ 60305907

## CERTIFICATE OF SERVICE

The foregoing document was filed under the Court's CM/ECF system, automatically

effecting service on counsel of record for all other parties who have appeared in this action on

the date of such service.

<div style="margin-left:50%">

s/Mark Vorder-Bruegge, Jr.
Mark Vorder-Bruegge, Jr.

</div>